UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERR CARRINGTON, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *  Civil Action No. 14-cv-13102-ADB |
| | * |
| LUIS SPENCER, Superintendent, | * |
| | * |
| Respondent. | * |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

I. **INTRODUCTION**

In this case, Petitioner Kerr Carrington ("Mr. Carrington"), who is proceeding pro se, seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Respondent has moved to dismiss Mr. Carrington's Petition on the ground that it alleges only state law claims, which are not cognizable on federal habeas review. After the Court issued an Order to Show Cause why his Petition should not be dismissed, Mr. Carrington filed a Response, which attempted to reframe some of his arguments as federal claims. After reviewing the arguments made by Mr. Carrington and the Respondent, the Respondent's Motion to Dismiss will be allowed in part. Although the two grounds alleged in Mr. Carrington's Petition do not state a cognizable claim for habeas relief, and will therefore be dismissed, Mr. Carrington's Response to the Court's Order to Show Cause also raises a challenge to the sufficiency of the evidence supporting his convictions. The Court will construe this argument to state a federal claim under Jackson v. Virginia, 443 U.S. 307, 324 (1979), and it will permit the parties to submit further briefing addressing the merits of this claim.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Carrington is currently incarcerated at the Massachusetts Correctional Institution in Shirley, Massachusetts [ECF No. 1]. In March 2010, a Middlesex County jury convicted Mr. Carrington of one count of identity fraud, two counts of larceny by false pretenses, one count of attempted larceny by false pretenses, three counts of uttering, three counts of forgery, and two counts of being a common and notorious thief. Commonwealth v. Carrington, 84 Mass. App. Ct. 1101 (2013) (Rule 1:28 decision). The indictments charged Mr. Carrington with "engag[ing] in a pattern of conduct whereby, posing as another person, he would purchase goods and services and pay with fraudulent certified checks." Id.

Mr. Carrington filed a Notice of Appeal from his convictions. Id. On April 16, 2010, Mr. Carrington also filed a Motion for the Entry of Findings of Not Guilty, but his motion was denied by the trial judge. Mr. Carrington moved for reconsideration, but that motion was also denied. Id. Mr. Carrington then filed a second Notice of Appeal from the trial court's decision, and the Massachusetts Appeals Court (the "Appeals Court") consolidated that proceeding with his direct appeal. On July 2, 2013, the Appeals Court affirmed Mr. Carrington's convictions in a decision pursuant to Massachusetts Appeals Court Rule 1:28. See id.[1] Subsequently, Mr. Carrington filed a petition for further appellate review, which the Massachusetts Supreme Judicial Court denied on September 11, 2013. See Commonwealth v. Carrington, 466 Mass. 1103 (2013).

---

[1] Under Massachusetts Appeals Court Rule 1:28, the Appeals Court may summarily affirm, modify, or reverse the action of the court below, without permitting oral argument, if "no substantial question of law is presented by the appeal or that some clear error of law has been committed which has injuriously affected the substantial rights of an appellant . . . ." Mass. Appeals Ct. R. 1:28.

2

**Habeas Petition**

Mr. Carrington filed his Petition for a Writ of Habeas Corpus with this Court on July 23, 2014 [ECF No. 1]. His petition raises two grounds for relief. First, he argues that "[s]ince checks are orders, not statements," there was insufficient evidence to support his convictions for larceny (and attempted larceny) by false pretenses [Id. p. 5]. A prosecution on the theory of larceny by false pretenses requires proof that:

> (1) a false statement of fact was made; (2) the defendant knew or believed the statement to be false when he made it; (3) the defendant intended that the person to whom he made the false statement would rely on it; and (4) the person to whom the false statement was made did rely on it and, consequently, parted with property.

Commonwealth v. Reske, 43 Mass. App. Ct. 522, 524 (1997) (citations omitted). Mr. Carrington argues that because checks are merely orders to pay, they cannot be true or false, and the evidence was therefore insufficient to prove that he made a "false statement of fact" when he presented the fraudulent checks [ECF No. 1 pp. 5-6].

As his second ground for relief, Mr. Carrington poses the question "[u]nder G.L. c. 266, § 30 – can that statute universally take on all separate MGL larceny statutes?" [Id. p. 8]. Essentially, Mr. Carrington argues that the Commonwealth prosecuted him under the wrong state statute. Mr. Carrington was prosecuted and convicted under G.L. c. 266, § 30, which is titled "Larceny; general provisions and penalties." However, Mr. Carrington argues that where the Commonwealth alleged that he committed larceny by presenting fraudulent checks, he *should* have been prosecuted under G.L. c. 266, § 37. Section 37, which is titled "Fraudulent checks, etc.; drawing or uttering," is a separate statute making it a crime to make, draw, utter, or deliver any check, draft, or order for payment of money upon any bank or other depository, with

knowledge that the maker or drawer does not have sufficient funds for payment of the instrument. See G.L. c. 266, § 37.

On September 26, 2014, the Respondent filed a Motion to Dismiss Mr. Carrington's Habeas Petition [ECF No. 12], arguing that the Petitioner's claims are premised on state law and therefore do not provide any basis for federal habeas relief [ECF No. 13]. Mr. Carrington filed an Opposition to the Motion to Dismiss on October 22, 2014 [ECF No. 16] and an additional "Response" on October 31, 2014 [ECF No. 18].

After reviewing Mr. Carrington's filings and the authority cited therein, the Court ordered Mr. Carrington to show cause why his Petition should not be dismissed for failure to state a cognizable basis for federal habeas relief under 28 U.S.C. § 2254 [Apr. 9, 2015 Order, ECF No. 20]. The Court's Order explained that Mr. Carrington's Petition appeared to raise only state-law issues, and it instructed Mr. Carrington that if he "believes that his conviction violated the United States Constitution, Federal statutes, or treaties of the United States, he shall file a Response to this Order to Show Cause . . . explaining the federal grounds for his habeas Petition." [Id.].

**Petitioner's Response to Order to Show Cause**

On April 27, 2014, Mr. Carrington filed his Response [ECF No. 21], which attempts to repackage some of his earlier arguments as federal claims. First, Mr. Carrington argues that his convictions violated In re Winship, 397 U.S. 358, 364 (1970), in which the Supreme Court held that the U.S. Constitution requires the state to prove every element of a charged criminal offense beyond a reasonable doubt. In support of his Winship argument, Mr. Carrington contends that the Commonwealth did not prove that he made a "false statement" as required to convict him for larceny by false pretenses, because checks are merely orders to pay, and do not constitute "statements." Mr. Carrington argues that the elements of a criminal offense "cannot be subject to

4

broad interpretation, as there are specifics afforded within each" [ECF No. 21 pp. 3-4], and that the Appeals Court therefore erred when it held that G.L. c. 266, § 30 was a statute "broad in scope," under which false statements may be made by implication as well as by verbal declaration [ECF No. 21 pp. 3-4].

In addition, Mr. Carrington now argues that his convictions violated the Fifth Amendment to the United States Constitution, which provides that a person shall not be held to answer for a serious criminal offense, except on a presentment or indictment of a grand jury. See U.S. Const. amend. V., cl. 1. He argues that because he was prosecuted under the wrong state statute, "there existed no presentments to the grand jury under the appropriate statute." [ECF No. 21 p. 4].

Finally, Mr. Carrington suggests that the evidence was not sufficient to convict him, because the Commonwealth "failed to call any witnesses from any of the alleged forged issuing banks to dispel the veracity of the checks in question." [Id.]. Although Mr. Carrington has not cited federal law on this point, the Court interprets his argument as stating a potential claim under Jackson v. Virginia, 443 U.S. 307, 324 (1979). In Jackson, the Court held that a petitioner is entitled to habeas corpus relief if it is found that upon the evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Id. Construed generously,[2] Mr. Carrington's Response could be read to suggest that where the Commonwealth failed to call any witnesses from the banks to testify that the checks were forged, no rational trier of fact could have found him guilty of his crimes beyond a reasonable doubt.

---

[2] See Baldi v. Garfunkel, No. CIV.A. 12-10050-DJC, 2012 WL 369381, at *3 (D. Mass. Feb. 2, 2012) (noting that pro se habeas petition would be broadly construed) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980)).

After Mr. Carrington filed his Response, the Court ordered the Respondent to file an Answer to the Petition, along with relevant portions of the record [ECF No. 22]. Respondent filed his Answer on June 4, 2015 [ECF No. 23], and portions of the record were submitted via a Supplemental Answer filed on June 5, 2015 [ECF No. 24].

## III. DISCUSSION

### A. Standard of Review

The standard for obtaining habeas corpus relief from state custody is codified in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. The First Circuit has summarized the standard as follows:

> In order to obtain habeas relief from state custody, a petitioner "must show that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). A state court's ruling is contrary to federal law either when it adopts a rule that "contradicts the governing law set forth in the Supreme Court's cases" or when it reaches a different result from a Supreme Court decision under "a set of facts that are materially indistinguishable." John v. Russo, 561 F.3d 88, 96 (1st Cir.2009) (quotations omitted). Even if the state court correctly identifies the law, it may unreasonably apply the law to the facts of the case. To be unreasonable, however, the application of federal law must be "more than incorrect or erroneous." Yeboah–Sefah, 556 F.3d at 65 (citing Williams v. Taylor, 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). In other words, "some increment of incorrectness beyond error is required." Morgan v. Dickhaut, 677 F.3d 39, 47 (1st Cir.2012) (quotations and citations omitted).

Rosenthal v. O'Brien, 713 F.3d 676, 682-83 (1st Cir. 2013).

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991). "Errors based on violations of state law are not within the reach of federal habeas

petitions unless there is a federal constitutional claim raised." Kater v. Maloney, 459 F.3d 56, 61 (1st Cir. 2006).

In addition, a court may not grant a petition for habeas relief unless "the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). However, the ADEPA expressly provides that an application for a writ of habeas corpus "may be denied on the merits, notwithstanding the failure of the applicant to exhaust [his state-court remedies]." 28 U.S.C. § 2254(b)(2). Accordingly, when a habeas petitioner's claim is "patently without merit," the district court may, in the interests of judicial economy, "dispose of that claim once and for all." Coningford v. Rhode Island, 640 F.3d 478, 483 (1st Cir. 2011); see also Granberry v. Greer, 481 U.S. 129, 135 (1987) (noting that it is appropriate to dismiss even an unexhausted claim in a habeas petition "if it is perfectly clear that the applicant does not raise even a colorable federal claim").

### B. Analysis of Mr. Carrington's Claims

In this case, Grounds One and Two of Mr. Carrington's Petition will be dismissed, because they are premised on issues of state law, and it is patently clear that they do not raise even a colorable basis for habeas relief under 28 U.S.C. § 2254. However, to the extent that Mr. Carrington's Petition [ECF No. 1] and Response [ECF No. 21] also challenge the sufficiency of the evidence supporting his convictions, the Court will broadly construe this to state a colorable federal claim under Jackson v. Virginia, 443 U.S. 307, 324 (1979), and will allow further briefing on this issue only.

#### i. Ground One: Checks Are Orders, Not Statements

The first ground for relief alleged in Mr. Carrington's Petition is that "[s]ince checks are orders, not statements," the Commonwealth's evidence was insufficient to sustain his conviction

7

for larceny by false pretenses. As the Massachusetts Appeals Court acknowledged when affirming Mr. Carrington's convictions, a prosecution on the theory of larceny by false pretenses pursuant to G.L. c. 266, § 30 requires proof that: "(1) a false statement of fact was made; (2) the defendant knew or believed the statement to be false when he made it; (3) the defendant intended that the person to whom he made the false statement would rely on it; and (4) the person to whom the false statement was made did rely on it and, consequently, parted with property." Carrington, 84 Mass. App. Ct. 1101 (citing Commonwealth v. Reske, 43 Mass. App. Ct. 522, 524 (1997)). Mr. Carrington argues that the evidence was insufficient to prove the first element of this offense, because the forged certified checks that he negotiated did not constitute "statements" capable of truth or falsity. According to Mr. Carrington, checks are not statements – they are simply orders to pay.

As explained in the Court's prior Order to Show Cause [ECF No. 20], this argument does not state a cognizable basis for federal habeas review. Mr. Carrington may disagree with the Massachusetts Appeals Court's interpretation of G.L. c. 266, § 30, but the proper construction of a state statute, and the elements of a state crime, is a pure question of state law. See Smiley v. Maloney, No. Civ.A. 01-11648, 2003 WL 23327540, at *18 (D. Mass. Oct. 31, 2003) (holding that petitioner's argument that the Massachusetts Supreme Judicial Court misconstrued the elements of a state criminal statute was not a proper basis for habeas relief, where the state's highest court was the "sole and exclusive arbiter" of such state-law issues). Even assuming that the Appeals Court erred in interpreting the state statute, "Federal habeas relief cannot be granted merely because a state court errs in its application of state law." Sanna v. Dipaolo, 265 F.3d 1, 11 (1st Cir. 2001). Rather, "to warrant habeas relief, the last reasoned state-court decision must not only be erroneous but also 'contrary to,' or infected by 'an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States.'" Cronin v. Comm'r of Prob., 783 F.3d 47, 50 (1st Cir. 2015) (citation omitted).

Although Mr. Carrington cites to federal law in his filings – specifically, the Supreme Court's holding in Williams v. United States, 458 U.S. 279 (1982) – that case is not applicable here [ECF No. 18]. Williams involved the interpretation of 18 U.S.C. § 1014, a federal criminal statute.[3] But Williams has no bearing on how the Massachusetts courts construe state criminal statutes, including G.L. c. 266, § 30. Indeed, although Mr. Carrington argued the Williams case to the Appeals Court, the court expressly declined to apply the holding in Williams to G.L. c. 266, § 30. Instead, the Appeals Court held that for purposes of G.L. c. 266, § 30, "[a] false pretense may be made by implication as well as by verbal declaration," because "[i]t is a statute broad in scope." Carrington, 84 Mass. App. Ct. 1101 (quoting Reske, 43 Mass. App. Ct. at 525-26). Because the Appeals Court was not bound by Williams, its contrary interpretation of the state statute does not implicate any federal constitutional or statutory right. In sum, Ground One of Mr. Carrington's Petition does not allege any cognizable violation of the Constitution, laws, or treaties of the United States.

Mr. Carrington, however, in his Response to the Court's Order to Show Cause, has attempted to remedy this defect by reframing his "checks are orders, not statements" argument as

---

[3] In Williams, the United States Supreme Court reversed the petitioner's conviction under 18 U.S.C. § 1014, a federal statute making it a crime to "knowingly make[] any false statement or report . . . for the purpose of influencing in any way the action of [certain enumerated financial institutions and agencies], upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, loan, or insurance agreement . . . ." See 18 U.S.C. § 1014; 458 U.S. at 282. The Supreme Court held that for purposes of 18 U.S.C. § 1014, the petitioner's depositing a check that was not supported by sufficient funds could not qualify as a "false statement" under that statute, because a check "is not a factual assertion at all, and therefore cannot be characterized as 'true' or 'false.'" 458 U.S. at 284.

9

a violation of In re Winship, 397 U.S. 358, 364 (1970) [ECF No. 21 pp. 3-4]. In Winship, the Supreme Court held that the United States Constitution requires the state to prove every element of a charged criminal offense beyond a reasonable doubt. 397 U.S. at 364. But merely re-labeling this argument as a Winship claim does not alter the outcome. Although Winship requires each element of a state law crime to be proven beyond a reasonable doubt, "[w]hich acts constitute the elements of a state crime is a question generally answerable only by the state legislature and state courts . . . and is antecedent to the constitutional requirement that the government prove those elements beyond a reasonable doubt." Ponnapula v. Spitzer, 297 F.3d 172, 182 (2d Cir. 2002). Accordingly, courts have dismissed mislabeled Winship claims, holding that "Winship does not invite federal habeas courts to engage in a substantive analysis of state statutory terms. Our federal constitution does not dictate to the state courts precisely how to interpret their own criminal statutes." Id. (affirming district court's dismissal of habeas petition, and holding that petitioner could not invoke Winship to transform a state law issue into a federal question cognizable in a federal habeas proceeding); see also Sanna v. Dipaolo, 265 F.3d 1, 12 (1st Cir. 2001) (noting that "not . . . every error of state law can be transmogrified by artful argumentation into a constitutional violation"). Here, Mr. Carrington does not argue that the burden of proof was misallocated, or that the evidence was insufficient to sustain his conviction under the Appeals Court's interpretation of G.L. c. 266, § 30. He merely argues that the Appeals Court's statutory interpretation was erroneous. This does not make out a cognizable Winship claim, or any other basis for federal habeas relief. Therefore, Ground One of the Petition must be dismissed.

### ii. Ground Two: Prosecution Under Wrong Statute

The second ground alleged in Mr. Carrington's Petition must also be dismissed for failure to state a cognizable claim for habeas relief. Mr. Carrington argues that the Commonwealth erroneously prosecuted him for larceny by false pretenses pursuant to G.L. c. 266, § 30, and that the Commonwealth *should* have charged him under G.L. c. 266, § 37, which relates specifically to fraudulent checks. Again, however, this argument raises no issues of federal constitutional or statutory law, and therefore does not provide a cognizable basis for habeas relief under Section 2254. Cf. Sinor v. LeMaster, 172 F.3d 63 (10th Cir. 1999) (unpublished) (declining to issue certificate of appealability on habeas petitioner's claim that he was convicted under the wrong statute, construing it as an issue of state law).

In his Response to the Court's Order to Show Cause, Mr. Carrington has attempted to recast this argument as a violation of his Fifth Amendment rights under the United States Constitution. Although Mr. Carrington contends that his Fifth Amendment rights were violated because "there existed no presentments to the grand jury under the appropriate statute" [ECF No. 21 p. 4], the Fifth Amendment's presentment clause does not give a criminal defendant the right to be indicted under a statute of his choosing. Rather, "[t]he purpose of the presentment clause . . . is twofold. First, it entitles a defendant to be in jeopardy only for offenses charged by a group of his fellow citizens acting independently of either the prosecutor or the judge." United States v. Field, 875 F.2d 130, 133 (7th Cir. 1989) (citing Stirone v. United States, 361 U.S. 212, 217–19, (1960)). "Second, it entitles a defendant to be apprised of the charges against him, so that he knows what he must meet at trial." Field, 875 F.2d at 133 (citing Hagner v. United States, 285 U.S. 427, 431 (1932)). Mr. Carrington does not allege a colorable claim that these rights were

violated. Thus, to the extent that Mr. Carrington raises a Fifth Amendment claim, this claim is patently without merit and will be dismissed. See Coningford, 640 F.3d at 483.

### iii. Sufficiency of the Evidence

Mr. Carrington further argues in his Response that because the Commonwealth "failed to call any witnesses from any of the alleged forged issuing banks to dispel the veracity of the checks in question . . . these checks have to be construed as regular drafts that were returned unpaid." [ECF No. 21 p. 4]. The Court construes this as a variation on an argument Mr. Carrington previously made to the Massachusetts Appeals Court: that the evidence was insufficient to support his convictions on charges arising out of his presentment of forged bank checks to Lexus of Watertown [See Supplemental Answer ("S.A") pp. 63-65 (Appellant's Brief); see also S.A. pp. 122].[4] Mr. Carrington argued to the Appeals Court that although his case was "presented to the jury solely on the theory that the checks at issue had been 'counterfeit,' . . . there was no evidence that either check had been produced by means of any false making." [S.A. p. 64]. Notably, the Commonwealth did not produce testimony from the individual whose name (falsely) appeared on the checks [Id.]. In addition, the bank's representative testified only that that the checks had been dishonored, and did not specifically testify that they had been dishonored because they were forged or fraudulent [Id. pp. 63-64]. The Appeals Court, however, specifically rejected this argument in its decision affirming Mr. Carrington's convictions. See Carrington, 84 Mass. App. Ct. 1101. The court held that there was a host of other evidence sufficient to support the jury's finding that Mr. Carrington had forged the checks in question. Id.

---

[4] Copies of Mr. Carrington's state court appellate briefs are included in Respondent's Supplemental Answer [ECF No. 24].

But in contrast to Mr. Carrington's other arguments, his contention that the evidence was insufficient to support his conviction does raise a "colorable" federal claim under Jackson v. Virginia, 443 U.S. 307, 324 (1979), for purposes of this habeas proceeding. In Jackson, the Supreme Court held that a petitioner is entitled to habeas corpus relief if it is found that upon the evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Id. However, "[i]f the evidence presented, taken in the light most flattering to the prosecution, together with all reasonable inferences favorable to it, permits a rational jury to find each essential element of the crime charged beyond a reasonable doubt, then the evidence is legally sufficient." Foxworth v. St. Amand, 570 F.3d 414, 425 (1st Cir. 2009) (internal quotations and citation omitted).

The Supreme Court has noted that "Jackson claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." Coleman v. Johnson, 132 S. Ct. 2060, 2062, 182 L. Ed. 2d 978 (2012). "First . . . [a] reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Id. (internal quotations and citation omitted). "And second, on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable." Id. (internal quotations and citations omitted).

But regardless of how high the bar may be set, it would be premature to adjudicate Mr. Carrington's Jackson claim before the parties have an opportunity to brief the relevant issues. Therefore, the Court will permit Mr. Carrington to file a Memorandum in Support of his Petition, which shall explain the basis for his Jackson claim regarding the sufficiency of the evidence. The

Respondent will be given an opportunity to respond, and the Court will proceed to adjudicate the claim. The parties are advised to address the following issues in their memoranda: (1) whether Mr. Carrington fully exhausted his state remedies with respect to his Jackson claim; (2) whether the standard applied by the Massachusetts Appeals Court in determining the sufficiency of the evidence met federal constitutional criteria, such that the AEDPA's deferential standard may apply in this habeas action, see Foxworth, 570 F.3d at 425-26; and (3) whether Mr. Carrington's Jackson claim warrants habeas relief under the applicable standard.

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss the Petition [ECF No. 12] is ALLOWED IN PART. Ground One and Ground Two of the Petition are hereby DISMISSED for failure to state a cognizable basis for habeas corpus relief. Mr. Carrington may not pursue these particular arguments any further. However, Respondent's Motion to Dismiss is DENIED to the extent that Petitioner has plead a colorable federal claim under Jackson v. Virginia, 443 U.S. 307, 324 (1979). Mr. Carrington is hereby ORDERED to file a Memorandum in Support of his habeas Petition no later than August 7, 2015. His Memorandum should explain why the evidence was insufficient to support his conviction, under the standard set forth in Jackson. Mr. Carrington should also address whether he fully exhausted his state remedies on this claim. The Respondent is hereby ORDERED to file a Memorandum in Opposition to Mr. Carrington's Petition by September 11, 2015. Respondent's Memorandum should address any procedural defenses, in addition to the legal merits of the claim.

SO ORDERED.

Dated: June 23, 2015

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE